## STATE OF NEW JERSEY v. SYLVIA TROSLA AND GAETANNO MANNO.

Decided July 26, 1926.

**Crimes—Kidnapping—Kidnapping May be by Force or Under the Statute, it May be by Persuasion or Enticement—No Error Found in Court's Comments on the Evidence—Objections to Testimony Not Made at Time it was Offered, and Testimony was Not Made Basis of Assignment of Error or Specified as Ground for Reversal—No Error Found in Admission of Evidence—Verdict Not Against Weight of Evidence.**

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Edward Dillon.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The defendants were indicted for, and convicted of the crime of, kidnapping one Vilma Gialanella, a girl thirteen years of age, and carrying her out of the State of New Jersey into the State of New York. The indictment was based upon chapter 55 of the laws of 1907, which declares that: "Any person who shall kidnap or steal or forcibly take away any man, woman or child and send or carry such man, woman or child to any other point within this state, or any state, or shall force, pursue or entice any child within the age of fourteen years to leave his father, mother or guardian, and secrete or conceal the said child, shall be guilty of a misdemeanor."

The first ground upon which we are asked to set aside this conviction is that the proofs do not support the charge in the indictment in this respect; that the indictment charged defendants with kidnapping and stealing this young girl,

whereas, the proofs show they enticed her away, and the argument is that the kidnapping of a person implies the use of force. This point, however, was not raised at the trial. There was no motion to direct a verdict upon this ground, nor was there any motion in arrest of judgment. The matter, therefore, is not properly before us for our determination. For the satisfaction of counsel, however, it may be stated that we have given the point consideration and find it to be without merit. Kidnapping of a child under the age of fourteen years may be by force, or, under the statute, by persuasion or enticement.

Other grounds of reversal are directed at alleged erroneous instructions by the trial court in its charge to the jury. But the criticism of the portions of the charge specified by counsel are directed at comments on the evidence made by the court and suggestions growing out of the testimony. It has been repeatedly held that a trial judge is entirely justified in such a course.

Other grounds of reversal are directed at the introduction of testimony by the prosecutor. It is enough to say, in disposing of this point, that much of the testimony referred to in his brief by counsel was not objected to when it was offered, and that, as to the rest, it has not been made the basis of an assignment of error, or specified as a ground of reversal.

It is further argued that the conviction should be reversed because the court permitted a statement to be made by the prosecutor that the defendant Manno had admitted that he had been convicted of crime, although no such admission had been made by him. Of course, the trial court was not responsible for the making of this statement, and no judicial action was requested to be taken by reason of its having been made. Consequently, no judicial error was committed.

Next, it is said that the court erred in permitting the jury to consider evidence that the defendant Manno was guilty of crime. There was no such evidence in the case, and nothing was said by the court in its charge relating to such conviction.

Lastly, it is said that the verdict of the jury is against the ·weight of the evidence.   Our examination of the proofs satis.fies us that this contention is without merit.

The judgment under review will be affirmed.